IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARCUS TODD DRAKE,**

    **Plaintiff,**

    v.                                CASE NO. 18-3174-SAC

**(FNU) UNDERWOOD, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by Plaintiff.

**Motions for Leave to Amend Complaint (ECF Nos. 21 and 22)**

Mr. Drake has filed two motions to amend the Complaint (ECF Nos. 21 and 22). ECF No. 21 describes numerous changes Plaintiff intends to make to the Complaint but does not include an amended complaint; hence, it is denied. ECF No. 22 requests leave to file an amended complaint and properly includes the Amended Complaint on the Court-approved form. Although Plaintiff does not need leave of Court to amend his complaint because this is his first amendment and because the Complaint has not yet been served (*see* Fed. R. Civ. P. 15(a)(1)), the Court grants Plaintiff's motion.

**Motion for Appointment of Counsel (ECF No. 23)**

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 23). The Court has considered Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion

of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening and/or any dispositive motion filed by Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 21) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 22) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 23) is **denied** without prejudice**.**

**IT IS SO ORDERED**.

**Dated on this 10th day of December, 2018, in Topeka, Kansas.**

                                                s/ Sam A. Crow
                                                **SAM A. CROW**
                                                **U. S. Senior District Judge**