IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARCUS TODD DRAKE,**

    **Plaintiff,**

    v.                                    **CASE NO. 18-3174-SAC**

**(FNU) UNDERWOOD, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Marcus Todd Drake brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Drake was a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas at the time of filing and is now housed at Larned Correctional Mental Health Facility in Larned, Kansas.

This matter is before the Court on a Fourth Amended Complaint (ECF No. 35) filed by Plaintiff in response to the Court's Order (ECF No. 33) to show cause why his Third Amended Complaint should not be dismissed. In the Fourth Amended Complaint, Plaintiff names one defendant, Tyler Clark, Special Investigator at the Winfield Correctional Facility ("WCF"), and includes one count for violation of his Eighth Amendment rights. Plaintiff claims Defendant violated his Eighth Amendment rights when he "activated 'STG' status against Plaintiff, causing undue and atypical hardship" (ECF No. 35, at 2) and when he "with malice, placed Plaintiff in a

1

max. security prison only after the civil rights action against Defendant was made public by certain media outlets" (*Id.* at 3).

Mr. Drake requests relief in the form of $25,000 in compensatory damages and $75,000 in punitive damages from Defendant.

**Discussion**

When Plaintiff filed this lawsuit, he was one of nine plaintiffs alleging various constitutional violations related to the plaintiffs' practice of the Asatru faith at Winfield Correctional Facility. The original complaint named 14 defendants. Before the Court screened the complaint, Plaintiff filed two amended complaints. In the present Fourth Amended Complaint, Plaintiff has abandoned all but one defendant and one claim, which arose after he filed the original complaint. Plaintiff alleges Defendant Clark retaliated against him for filing this lawsuit by imposing Security Threat Group (STG) status on him and having him transferred to a maximum security facility. Plaintiff states he is bringing his claim under the Eighth Amendment. However, a retaliation claim arises under the First Amendment.

Prison officials may not retaliate against an inmate because of the inmate's exercise of his right of access to the courts. *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (emphasis in original) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).  To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson*, 149 F.3d at 1144)); *Strope v. Cummings*, 381 F. App'x 878, 884 (10th Cir. 2010)(a plaintiff has the "rigorous burden . . . to show not only that a retaliatory motive may have played some role in his transfer but that such a motive was the strict but-for cause of his transfer"); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Plaintiff has not cured the deficiency with this claim identified by the Court in the show cause Order.  He has not included sufficient specific facts to state a claim for unconstitutional retaliation.  The following are the relevant facts alleged by Plaintiff in the Fourth Amended Complaint:

- He filed this lawsuit on July 23, 2018.
- The lawsuit was the subject of a local television news story and newspaper article.[1]
- Defendant "had Plaintiff arrested and placed under 'investigation'" on October 8, 2018.

---

[1] Plaintiff does not state the dates for the news coverage, but according to www.kwch.com, the news story aired on October 1, 2018, and according to www.ctnewsonline.com, the newspaper article was published on September 29, 2018.

3

- Plaintiff was called to a disciplinary hearing on October 10, 2018 and informed he was a validated STG member.

- As a result, his custody level was raised from minimum to maximum.

- On October 12, 2018, he was transferred to El Dorado Correctional Facility, a maximum security facility, where he was assaulted "on several occasions", robbed at knife point, and placed in administrative segregation.

In addition, Plaintiff states Defendant Clark "with malice, placed Plaintiff in a maximum security prison" and "acted in spite, due to being named a defendant in the original civil rights action." ECF No. 35, at 3.

Plaintiff satisfies the first element of a retaliation claim: filing this lawsuit was a constitutionally protected activity. He also satisfies part of the second element: the change in security level, transfer, and assaults allege an injury that would discourage an ordinary person from exercising his rights.

Plaintiff's problems arise with satisfying the causation portion of the second element and the retaliatory motive required to meet the third element. Plaintiff's allegations do not show that Defendant Clark caused the injury. Plaintiff states Defendant Clark is a special investigator at WCF. As such, he was not authorized to make a change in Plaintiff's security level. *See* K.A.R. 44-5-104(f) ("Any change in an inmate's security classification shall be based on a recommendation of the program management committee of the institution or facility . . . [and] made under the authority and by the order of the principal administrator."). Defendant Clark also did not have the authority to transfer Plaintiff to another facility.

As for the third element of a retaliation claim, retaliatory motive, Plaintiff alleges nothing more than that Defendant Clark's investigation occurred within 10 days of the news coverage of the lawsuit. Such support is not sufficient. *See Strope*, 381 F. App'x at 883 ("[W]e have

4

consistently held that temporal proximity between protected activity and a challenged prison action does not, in itself, demonstrate the causal nexus for a retaliation claim."); *Guy v. Lampert*, 748 F. App'x 178, 181 (10th Cir. 2018), quoting *Trant v. Oklahoma*, 754 F.3d 1158, 1170 (10th Cir. 2014) ("[W]e have consistently held that 'temporal proximity between [protected activity] and the alleged retaliatory conduct, without more, does not allow for an inference of a retaliatory motive.'"); *Friedman v. Kennard*, 248 F. App'x 918, 922 (10th Cir. 2007) ("Standing alone and without supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim."). Plaintiff claims Defendant acted "with malice" and "in spite" because he was named in the lawsuit, but this is no more than Plaintiff's subjective belief about Defendant Clark's motivation. *See Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient" to establish retaliatory motive). In prisoner retaliation cases where courts have found a plaintiff stated a claim, the defendant has typically made some kind of statement showing a retaliatory motive. For example, in *Banks v. Katzenmeyer*, the Tenth Circuit found the plaintiff had stated a claim against one defendant where he alleged that in response to the plaintiff's threat to take legal action, the defendant said he would have his staff write up the plaintiff at random and then he did so. *Banks v. Katzenmeyer*, 645 F. App'x 770, 773–74 (10th Cir. 2016). Similarly, in *Fogle v. Pierson*, the Tenth Circuit found the plaintiff stated a retaliation claim where the prison "official told [plaintiff] that if he did not stop complaining he would be transferred to long-term administrative segregation at another facility" and he was subsequently transferred. *Fogle*, 435 F.3d at 1263-64. Mr. Drake

has included no such specific facts to back up his allegation here, despite being put on notice of the need to do so by the show cause Order.

**Conclusion**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the Fourth Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED: This 3rd day of August, 2020, at Topeka, Kansas.

s/ Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**